UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,
ex rel. JOHN RUOTOLO,

CIVIL NO. 01-358 (PAM/JMM)

Petitioner,

v.

ORDER

WARDEN, FMC ROCHESTER,

Respondent.

On February 27, 2001, Petitioner, a federal prisoner, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming that his sentence is unconstitutional because, inter alia, it violates the holding of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). The attention of the Parties is called to the Report and Recommendation of this Court dated February 27, 2001 in United States ex rel. Perez v. Warden, FMC Rochester, Civil No. 00-2248 (DWF/JMM) which addresses some issues raised by this Petition. (Copy attached hereto).

IT IS HEREBY ORDERED that:

1. The Respondent is directed to make a return in writing on or before March 30, 2001, showing the true cause of Petitioner's confinement, the expected duration of Petitioner's confinement, and any just reason(s) for not granting the Writ. The return shall be filed with the Court and shall include:

A. Such Affidavits and Exhibits as are needed to substantiate the lawfulness and expected duration of Petitioner's confinement;

B. A reasoned Memorandum of Law and Fact fully stating Respondent's legal position and recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the Petition in light of statutory requirements and other pertinent authority;

MAR - 8 2001
[illegible] CLERK

C. Certified copies of all court documents and/or prison records that may be material to the issues raised by the petition.

Respondent's return should discuss which, if any, of the issues raised in the Petition can properly be entertained on the merits in a proceeding brought under 28 U.S.C. § 2241. The Court will entertain a Motion to grant the relief requested in the Petition if a written return is not filed on or before March 30, 2001, as required by this Order.

2. Petitioner may file a Reply memorandum no later than April 16, 2001.

3. Upon the filing of this Order, the Parties shall await the further order of this Court.

Dated: March 8, 2001

JOHN M. MASON
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA
EX REL. IVO PEREZ, JR.

CIVIL NO. 00-2248 (DWF/JMM)

Petitioner,

v.

REPORT AND RECOMMENDATION

WARDEN FMC-ROCHESTER,

Respondent.

The above matter came before the undersigned upon Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243. [Docket No. 1]. Petitioner is represented by Cheryl J. Sturm, Esq.; Respondent is represented by Assistant U.S. Attorney, Henry J. Shea, III, Esq. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243 [Docket No. 1] be denied and the Petition dismissed with prejudice.

**FINDINGS OF FACT/REPORT**

**Procedural Background**

On October 4, 2000, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming that he is being confined in violation of the rule of law established by the Supreme Court in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) and that his continued incarceration violates the International Covenant on Civil and Political Rights ("ICCPR"). [Docket No. 1]. The Petition and Supporting Memorandum do

FILED ______
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______

not state the precise form of relief requested.

Petitioner is incarcerated at the Federal Medical Center, Rochester, Minnesota ("FMC-Rochester"). Petitioner was convicted by a Texas jury on three counts of possession with intent to distribute marijuana and one count of conspiracy to possess with intent to distribute marijuana. [Docket No. 8, Ex. 1, Verdict, June 19, 1995]. He was sentenced on August 28, 1995. The sentence was enhanced based on factual findings by the District Court as to the quantity of marijuana at issue. The sentencing court expressly noted that it was personally making the finding as to the quantity of marijuana. [Docket No. 8, Ex. 3, Judgment, p. 8]. His conviction was affirmed by the Court of Appeals for the Fifth Circuit. Thereafter, he filed a Motion under 28 U.S.C. § 2255. This Motion was denied on September 20, 1999. Petitioner did not appeal the denial.

On June 26, 2000, in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Supreme Court held that a defendant had a right to have the jury, and not the court, make the findings as to any fact that enhanced the penalty for the crime. The Court stated: "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63. Petitioner now seeks relief based upon the Apprendi decision, since at his sentencing the Court, rather than the jury, made the findings as to the quantity of marijuana involved in the crimes for which he was convicted. This issue was not raised in the appeal nor the first Motion under Section 2255, which were filed prior to the Apprendi decision. Petitioner now seeks to raise the issue in this Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241 and 2243.

## Discussion

**THIS COURT IS BARRED BY 28 U.S.C. § 2255 FROM ENTERTAINING THE HABEAS PETITION UNDER 28 U.S.C. § 2241.**

The provisions of 28 U.S.C. § 2255 describe the procedure to be followed by a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." That statute provides that "an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that [the sentencing court] has denied the relief" available on a Motion under § 2255, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

It is clear that Petitioner is a "prisoner who is authorized to apply for relief by motion pursuant to" § 2255, and that the sentencing court has denied Petitioner's earlier motion under that section. [Docket No. 8, Ex. 10, Dismissal Order]. The District Court may therefore consider the Petition in this matter only if it concludes that "the remedy by motion is inadequate or ineffective to test the legality" of Petitioner's detention under the unique circumstances of this case.

### A. The Remedy Under Section 2255 Is Not Inadequate or Ineffective.

The reasoning behind the requirements of § 2255 was explained in United States v. Haymen, 342 U.S. 205 (1952). The statute expresses the preference of Congress, at the urging of the Judicial Conference of the United States, that issues concerning sentencing be brought in the jurisdiction where the sentencing occurred, (as

now required by § 2255) rather than in the jurisdiction where the inmate is located, as required in habeas corpus proceedings under 28 U.S.C. § 2241.[1]

The memorandum of the Government candidly and comprehensively addresses the complex issues raised in this proceeding, and summarizes the theory underlying certain well-settled points which need not be reconsidered. It is the burden of the Petitioner to establish that pursuing remedies under § 2255 would be inadequate or ineffective. See United States v. Lurie, 207 F.3d. 1075, 1078 (8th Cir. 2000); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). The mere fact that one is procedurally barred from proceeding under § 2255 is not a basis upon which it may be claimed that the remedy is ineffective. Lurie, 207 F.3d. at 1077; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), § 2255

---

[1]

A footnote in that opinion elaborated on the reasoning:

> Most habeas corpus cases raise fact issues involving the trial occurrences or the alleged actions of judges, United States attorneys, marshals or other court officials. Obviously, it involves interruption of judicial duties if the trial judge, the United States attorney, the court clerk or the marshal (one or all of them) are required to attend the habeas corpus hearing as witnesses. Such attendance is sometimes necessary to refute particular testimony which the prisoner may give and, obviously, such attendance is the safest course. This is so because experience has demonstrated that often petitioner will testify to anything he may think useful, however false; and, without the witnesses present to refute such, he is encouraged to do so and may make out a case for discharge from merited punishment. Some realization of the possible extent of this burden on Court officials may be gained from the bare statement that, while convictions occur in all of the Districts throughout the country, federal prisoners are confined in a very small number of penal institutions; and habeas corpus must now be brought in the District where the petitioner is confined.

Haymen, 342 U.S. at 216, n. 25.

was amended to provide that after a prisoner has filed one Motion under § 2255, a second or successive petition may be filed only with the permission of the Court of Appeals. In relevant part here, the Court of Appeals may permit the filing of that petition only if it determines that it presents an issue concerning "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 last clause (emphasis supplied); 28 U.S.C. § 2244(b)(2)(A). The Court of Appeals for the Eighth Circuit has held that a second successive petition based on the Supreme Court's holding in Apprendi could not be approved at this time, since the Supreme Court has not decided whether the Apprendi rule of constitutional law is retroactive to cases on collateral review. See Rodgers v. United States, 229 F.3d 704 (8th Cir. 2000). The Court noted in a footnote: "The same would also hold true for a second or successive habeas petition filed pursuant to 28 U.S.C. § 2244(b)(2)(A)." Rodgers, 229 F.3d at 706, n.2.

It is clear from the holding in Rodgers that if Petitioner were to seek permission from the Court of Appeals for a second successive petition at this time, it would be denied. Although Apprendi does announce "a new rule of constitutional law," the Supreme Court has not yet made the decision "retroactive to cases on collateral review." The opportunity to seek a second successive petition is not forever closed, however. It is to be expected that well prior to the date on which Petitioner would otherwise have been eligible for release, the Supreme Court will resolve the question of whether its Apprendi

decision is to be applied retroactively.[2] If it concludes that Apprendi should be applied retroactively, Petitioner will be eligible to apply for, and presumably will receive permission for a second successive petition under Section 2244(b)(2)(A). We thus do not conclude that the remedies of § 2255 will be "inadequate or ineffective to test the legality of his detention." Looked at another way, if the Supreme Court concludes that the Apprendi decision is not to be applied retroactively, then Petitioner will not be entitled to that relief in any event.

If this Court were to now entertain the Apprendi issue in the context of an application for a writ of habeas corpus under 28 U.S.C. § 2241, it would be faced with the substantive question of whether or not Apprendi was to be applied retroactively, an issue which is not free from doubt.[3] In addition to the duty to anticipate how the Supreme Court might resolve that issue, the court would be required to consider other issues specific to this case. On the surface, at least, it appears that Petitioner has raised an issue which could have caused a different result had the sentencing court applied the rule announced in Apprendi, since it is clear that the sentencing court and not the jury made the determination as to the quantity of marijuana. However, the amount of the marijuana was disclosed in the presentence investigation report, and it does not appear that Petitioner

---

2

In September of 1995, Petitioner received a sentence of 240 months. The record does not clearly reveal the sentence which would have been imposed but for the enhancement, but it has not been made to appear that the time for release would otherwise be imminent.

3

Compare e.g. United States v. Pittman, 120 F. Supp.2d 1253 (D. Or. 2000)(Apprendi not retroactive on collateral review) with United States v. Murphy, 109 F. Supp.2d 1059 (D. Minn. 2000)(Doty, J.)(Apprendi is retroactive).

objected to the facts in that report. Given the comment of the district court at sentencing, there are also issues as to whether it would have been "possible" for Petitioner to raise on his appeal, or in his initial motion under § 2255, the question of whether it was appropriate for the Judge, and not the jury, to decide the quantities of marijuana.[4]

The Government acknowledges that a number of Circuits have found § 2255 to be inadequate to test a prisoner's challenge to his detention under the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). However, the situation in Bailey involving statutory construction is unlike the new rule of constitutional law presented by Apprendi. In Bailey, the Supreme Court adopted a new interpretation to a statute which made it unlawful to "use" or "carry" a firearm during a drug trafficking offense or a crime of violence, which differed from the interpretation of all courts of appeals. As a result, some defendants were convicted by juries who were given incorrect instructions as to what constitutes the offense, and may have been actually innocent of the crime for which they

---

[4] The sentencing Court stated:

> THE COURT: This is not going to make any difference, gentlemen, as far as today's sentencing is concerned, but could become important depending upon whether this matter is pursued on appeal. And if some counts are affirmed and some counts are not, then this will become important.
>
> And I want the judgment to show that I find, after this hearing, that in Count Number 10 the amounts referred to relate to 1,080 pounds.
>
> Now in Count Number 11 the amount referred to is 2,600 pounds. That the evidence adduced, that was what was involved.
>
> ***
>
> THE COURT: That's 2,600 pounds. On Count Number 12 500 pounds.
>
> And for whatever purposes the judgment will show that I made those findings. This is not for now but for the future.

[Docket No. 8, Ex. 5, Sentencing Transcript, p. 17-18].

had been convicted. A number of courts then held that habeas relief was available, even if § 2255 relief had already been denied. A Certification of Appealability under Section 2244(b)(2)(A) is not available in Bailey cases, because Bailey presented a new rule of statutory construction, not a retroactive new rule of constitutional law required by that procedure. See Triestman v. United States, 124 F.3d 361 (2d. Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d. Cir. 1997); and In re Vail, 115 F.3d 1192 (4th Cir. 1997).

We are persuaded by the reasoning of the Government that the rationale underlying the Bailey cases does not have direct application to the facts presented here. In this case, unlike the "Bailey" cases, the possibility of proceeding with a second successive motion under § 2255 by way of the provisions of 28 U.S.C. § 2244(b)(2)(A) remains open. We also note that the Petitioner does not present a claim of actual innocence, but rather the claim that his sentence may be greater than it otherwise would have been if the factual issues underlying the sentence enhancement had been presented to a jury rather than decided by the sentencing court.

Petitioner makes four specific arguments why § 2255 is ineffective or inadequate to test the legality of his detention. We address each in turn and recommend a finding that Petitioner has not met his burden of proving that § 2255 is inadequate or ineffective to test the legality of his detention.

**B. Section 2255 is Adequate to Address the Legality of Petitioner's Detention Under a Treaty.**

Petitioner asserts that § 2255 is inadequate because his claims are based on a purported violation of a treaty, the International Covenant on Civil and Political Rights

("ICCPR").[5] He contends that § 2255 does not provide a remedy for a treaty violation. We disagree and find that § 2255 is adequate to address the legality of Petitioner's detention under a treaty of the United States. Under Section 2255, a prisoner may move for vacation of his sentence where his "sentence was imposed in violation of the Constitution or laws of the United States." While Petitioner is correct that § 2255 does not expressly include the word "treaty," the term "laws of the United States" used in § 2255 does encompass treaties. Article VI of the Constitution deems treaties part of the "supreme law of the land."

Moreover, § 2255 was intended to provide in the sentencing court "a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962). In determining that the decisions regarding federal habeas corpus actions could be applied to a § 2255 Motion, the Supreme Court stated in Hayman,

> the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum.

U. S. v. Hayman, 342 U.S. at 219. As long as the treaty in question has been made part of the domestic law of the United States by virtue of it being a self-executing treaty or by

---

5

The particular provision which Petitioner uses in support of his Petition states: "anyone who is deprived of his liberty by. . . detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful." [Docket No. 2, Petitioner's Supporting Memorandum, p. 20 (citing the ICCPR, 999 U.N.T.S. 171.)]

act of Congress, § 2255 is an adequate and effective remedy for a violation. See United States v. Postal, 589 F.2d 862, 875 (5th Cir. 1979)(citing Whitney v. Robertson, 124 U.S. 190, 194 (1888)("treaties affect the municipal law of the United States only when those treaties are given effect by congressional legislation or are, by their nature, self-executing")). If the treaty in question has not been made part of the domestic law, then the treaty is not enforceable by a United States Court under any post-conviction relief statute.

**C. Section 2255 is Not Inadequate Because of an Alleged Conflict Between the Provisions of Section 2255 and the Rules Governing Section 2255 Motions.**

Petitioner argues that a conflict between Section 2255 and Rule 9 of the Rules Governing 2255 motions makes the statute inadequate or ineffective to test the legality of his detention. [Docket No. 2, p. 14]. The purported conflict, Petitioner believes, is that § 2255 requires that a second or successive motion be filed with the court of appeals in the sentencing district, while Rule 9 states that such a motion is to be filed with the sentencing court itself.

Petitioner misconstrues the above provision of § 2255. The statute requires that a motion for leave to file a second or successive petition be filed with the court of appeals. It does not require that the actual motion be filed with the court of appeals. If the court of appeals grants leave to file the second or successive motion, that motion is then filed with the district court that sentenced the petitioner. There is no conflict between the § 2255 and Rule 9 governing its application.

**D. Section 2255 is Not Inadequate Because of an Alleged Mishandling of the Initial Section 2255 Motion by the Texas District Court..**

Petitioner alleges that the District Court for the Southern District of Texas failed to liberally construe his pro se § 2255 motion as required under Haines v. Kerner,

404 U.S. 19 (1972). He also asserts that the Texas court erred by failing to give Petitioner notice of its intention to grant summary judgment against him. Petitioner did not appeal the Texas Court's denial of his first Motion under § 2255. His failure to appeal the decision does not render § 2255 inadequate or ineffective so as to allow a petition under § 2241.

It is well-settled that § 2255 is not inadequate or ineffective merely because relief under that section has already been denied. See Lurie, 207 F.3d at 1076; Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Furthermore, if these allegations have merit, they should have been raised on appeal of the Texas Court's denial of the § 2255 Motion rather than in a § 2241 habeas petition. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("habeas review is an extraordinary remedy and will not be allowed to do service for an appeal"). Section 2255 expressly allows for appeal if the sentencing court denies the motion. It states: "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255. In a habeas proceeding, "the final order shall be subject to review on appeal, by the court of appeals for the circuit in which the proceeding is held." 28 U.S.C. § 2253.

### E. Section 2255 is Not Rendered Inadequate Because the Section 2241 Petition Raises Issues Which Cannot be Litigated Under Section 2255.

Petitioner claims that his instant Petition raises a "medley" of issues which cannot be raised under § 2255, therefore, a § 2255 remedy is inadequate. With little more than a few lines on this subject, Petitioner states, "for example, execution of sentence issues. . . [and] treaty violations cannot be litigated in a 2255 Motion." We have already

addressed and rejected Petitioner's contention that a treaty violation cannot be raised in a § 2255 Motion. It is true that execution of sentence issues which challenge a condition of confinement or other post-conviction and sentence matters are appropriately raised under a § 2241 habeas petition. But a § 2255 Motion is clearly appropriate where a prisoner claims a right to be released "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Petitioner's § 2241 Petition alleges that his sentence runs afoul of the rule of law established in Apprendi. The Petition clearly challenges the fact of his sentence which is appropriately raised under § 2255. It does not challenge a post-sentence condition of his confinement that may be litigated only under § 2241.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 2241 and 2243 [Docket No. 1] be denied and the Petition dismissed with prejudice.

Dated:February 27, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before March 14, 2001 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.