UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN RUOTOLO,

Petitioner,

v.

WARDEN FMC ROCHESTER,

Respondent.

CIVIL NO. 01-358 (PAM/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. [Docket No. 1]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be denied and the Petition be dismissed.

**FINDINGS OF FACT/REPORT**

Petitioner has been represented by counsel throughout this proceeding. He asserts the following general grounds for granting the relief requested in his Petition: his sentence is being executed "in violation of the Treaties of the United States" and "in violation of the Fifth, Sixth and Eighth Amendments to the Constitution of the United States," and his "conviction was obtained and/or sentence imposed in violation of the Treaties of the United States and in violation of the Fifth, Sixth and Eighth Amendments to the Constitution of the United States."

FILED JUN 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In the Memorandum in support of his Petition, Petitioner makes the following arguments:

1. He is being held in violation of the International Covenant on Civil and Political Rights (the "Covenant").[1] He claims that the Covenant was violated because the judge at his trial was not impartial.

2. Pursuant to the Covenant, as well as the Sixth Amendment, his sentence must be reduced because, since his sentencing, the guidelines have changed. In connection with this argument, Petitioner contends that Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), applies to his case because certain facts that increased his sentence were not found by the jury beyond a reasonable doubt.

3. The Indictment charging him was deficient, because the grand jury was not required to find all elements of the crimes charged, including drug quantity, drug identity, and time frame.

4. He was denied his right to counsel in his criminal case, because he was not permitted to be represented by the attorney who was his first choice. Petitioner asserts that this occurred due to a misstatement by the Government.

5. He was convicted based on false testimony of co-conspirator Johnny Kon.

6. He was convicted because the judge in his criminal trial was biased against him.

7. His multiple convictions violate the double jeopardy clause of the Fifth Amendment.

Petitioner's current Petition is submitted pursuant to 28 U.S.C. §2241. He made a prior Motion challenging the same conviction to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §2255, which was denied.

---

[1] The United States became a party to the Covenant in 1992.

## Discussion

The provisions of 28 U.S.C. §2255 describe the procedure to be followed by a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." If a prisoner has sought relief pursuant to §2255 and that relief has been denied, the prisoner may not seek habeas relief pursuant to 28 U.S.C. §2241 unless he establishes that the remedy available to him under §2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. If a prisoner satisfies this burden, he may bring a habeas petition under §2241. See United States v. Lurie, 207 F.3d. 1075, 1078 (8th Cir. 2000); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). The mere fact that one is procedurally barred from proceeding under §2255 is not a basis upon which it may be claimed that the remedy is inadequate or ineffective. Lurie, 207 F.3d. at 1077; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998).

There is no dispute that Petitioner has filed a prior, unsuccessful §2255 motion challenging his sentence. In other words, his sentencing court has denied him relief under §2255. Therefore, the Court is barred from considering the merits of his §2241 petition unless he can show that the remedy provided by §2255 is inadequate or ineffective to test the legality of his detention. As discussed below, we find that Petitioner has not met his burden of showing that the remedy under §2255 is inadequate or ineffective in his case.

## I. THE INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS

Petitioner asserts that a §2255 motion is inadequate or ineffective with respect to his challenge under the Covenant, because while §2241 provides that a writ of

habeas corpus may be granted where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States," §2255 does not expressly provide for relief under the "treaties" of the United States.

While Petitioner is correct that § 2255 does not expressly include the word "treaty," the term "laws of the United States" used in §2255 does encompass treaties. Article VI of the Constitution deems treaties part of the "supreme law of the land." Moreover, §2255 was intended to provide in the sentencing court "a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962). In determining that the decisions regarding federal habeas corpus actions could be applied to a §2255 motion, the Supreme Court stated in Hayman,

> the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum.

U. S. v. Hayman, 342 U.S. at 219.

As long as the treaty in question has been made part of the domestic law of the United States by virtue of it being a self-executing treaty or by act of Congress, §2255 is an adequate and effective remedy for a violation. See United States v. Postal, 589 F.2d 862, 875 (5th Cir. 1979)(citing Whitney v. Robertson, 124 U.S. 190, 194 (1888)("treaties affect the municipal law of the United States only when those treaties are given effect by

congressional legislation or are, by their nature, self-executing")). If the treaty in question has not been made part of the domestic law, then the treaty is not enforceable by a United States Court under any post-conviction relief statute, including §2241.[2] Section 2255 is not inadequate or ineffective to address Petitioner's treaty claim.

## II. APPRENDI

Petitioner argues that his Petition should be granted based on the holding in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). We conclude that §2255 is not inadequate or ineffective to address Petitioner's Apprendi claim, because if the Supreme Court makes the holding in Apprendi retroactive to cases such as Petitioner's, he will be able to bring a successive §2255 motion raising the issue, and if the Supreme Court concludes that the Apprendi decision is not to be applied retroactively, then Petitioner will not be entitled to that relief in any event.

The Court of Appeals may permit the filing of a second or successive §2255 motion only under certain circumstances, the relevant one in this case being if it determines that it presents an issue concerning "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255 last clause (emphasis supplied); 28 U.S.C. § 2244(b)(2)(A). The Court of Appeals for the Eighth Circuit has held that a successive §2255 motion based

---

2

Petitioner argues, without supporting authority, that the implementing legislation for the Covenant is §2241 itself. The suggestion that a treaty's implementing legislation was passed by Congress before the treaty was signed by the United States is unfounded. Cf. Beazley v. Johnson, 242 F.3d 248, 267 (5th Cir. 2001)(the Covenant is non-self-executing, meaning that unless Congress takes further action to incorporate its provisions into domestic law, the courts may not enforce them)(citation omitted).

on the Supreme Court's holding in Apprendi is barred at this time, "because the Supreme Court has not made Apprendi retroactive to cases on collateral review." Abdullah v. United States, 240 F.3d 683, 687 (8th Cir. 2001)(citing Rodgers v. United States, 229 F.3d 704, 706 (8th Cir. 2000)). See also United States ex rel. Perez v. Warden, FMC Rochester, Civil No. 00-2248 (DWF/JMM), Docket Nos. 12, 14. Although Apprendi did announce "a new rule of constitutional law," it has not yet been made retroactive by the Supreme Court. Accordingly, if Petitioner were to make application to the Eighth Circuit to file a successive §2255 motion on that ground at this time, it would be denied. Petitioner offers no argument to the contrary.

The opportunity to seek a successive petition is not forever closed, however. "Should the Supreme Court later provide that Apprendi is retroactive, [Petitioner] may again seek leave to file a second or successive §2255 motion before the district court raising his Apprendi claim." United States v. Falls, 2000 WL 1610733 (8th Cir. Oct. 30, 2000). We thus do not conclude that the remedies of §2255 available to Petitioner will be "inadequate or ineffective to test the legality of his detention."

## III. REMAINING CLAIMS

Petitioner's additional arguments as to why his habeas petition should be heard consist largely of case quotes and citations, without application to the particular facts of his case. For example, Petitioner asserts that §2255 is inadequate or ineffective where the basis of the claim for relief was not available at the time the §2255 motion was filed, but Petitioner does not suggest which, if any, of his claims were unavailable when he filed his §2255 motion.

The only argument that Petitioner has supported with any facts at all is his assertion that upholding his sentence would constitute a "complete miscarriage of justice." In support of this assertion, he argues that:

> the failure to submit the identity or the quantity of drugs, the essential facts driving the sentencing calculation, to the jury, denies due process of law and denies the right to trial by jury. The nature and number of the deficiencies are indicative of a criminal conviction and sentence that is unworthy of any degree of confidence.

It is true that new arguments may be heard by this Court if Petitioner can show that failure to do so would result in a fundamental miscarriage of justice. See Washington v. Delo, 51 F.3d 756, 760 (8th Cir. 1995). "This is a narrow exception, however, reserved for extraordinary circumstances and explicitly tied to a petitioner's actual innocence." Washington, 51 F.3d at 760-61 (citations omitted). To qualify for this exception, " a petitioner must show that a constitutional violation has 'probably resulted' in the conviction of an innocent person.'" Washington, 51 F.3d at 761 (citing Schlup v. Delo, 513 U.S. 298 (1995)). See also Knox v. State of Iowa, 131 F.3d 1278, 1282 (8th Cir. 1997)(actual innocence standard requires a petitioner to "offer new reliable evidence of his innocence, in light of which 'it is more likely than not that no reasonable juror would have convicted him.'")(citation omitted). The Court's inquiry is not limited to evidence presented at trial, nor is it constrained by rules of admissibility. Washington, 51 F.3d at 761 (citation omitted).

Petitioner does not argue that he is actually innocent of the crime of which he was convicted. Rather, he suggests that his rights were violated because the judge at his trial, rather than the jury, found the facts that determined his sentence. These

allegations do not meet the actual innocence standard to open a gateway for consideration of the merits of his procedurally defaulted claims. Petitioner has not shown that §2255 is inadequate or ineffective to address any of the claims he seeks to assert in the instant §2241 Petition.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be denied and the Petition be dismissed.

Dated: June 19, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **July 5, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.